UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TRAVIS L. MILLER, | : | Case No. 1:22-cv-14 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| THE ADAMO GROUP, *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND THIS CASE TO THE ADAMS COUNTY, OHIO COURT OF COMMON PLEAS; AND DENYING AN AWARD OF ATTORNEYS FEES (Doc. 5).**

This case is before the Court on Plaintiff's motion to remand and for attorneys fees (Doc. 5) and the parties' responsive memoranda. (Docs. 9, 11).

**I. BACKGROUND**

The following facts are taken from allegations in the complaint (Doc. 4) and the notice of removal. (Doc. 1). On December 6, 2021, Plaintiff Travis Miller filed this case in Adams County, Ohio Court of Common Pleas. (Doc. 1 at ¶1). Five days later, he served Defendant the Adamo Group. (*Id.* at ¶2). The partial collapse of a generator building in Adams County, Ohio is the central event giving rise to the complaint. (Doc. 4 at ¶¶1-7). The building was slated for demolition, and Miller, an employee of Defendant the Adamo Group ("Adamo"), was tasked as a welder/burner on the demolition project. (*Id.* at ¶17). But the boiler room section of the building collapsed prematurely while Miller was inside prepping the building for its planned implosion. (*Id.* at ¶¶1-7, 81). He suffered serious injuries. (*Id.* at ¶¶ 5, 7).

The gist of Miller's complaint is that Defendants are liable, under various causes of action, for causing the building to collapse while Miller was inside, for sending Miller to work in the boiler room when they knew it would collapse, and for spoliating the video footage of the collapse. (Doc. 4). Miller is a Kentucky resident. (*Id.* at 16). He names several Defendants. (*Id.* at ¶¶19-26). Defendant the Adamo Group ("Adamo") was the general demolition contractor and employed Miller. (*Id.* at ¶42).[1] Miller also names five employees of Adamo ("Adamo employee Defendants"), including, as is relevant to the present motion, Michael Brehse. (*Id.* at 20). Brehse worked for Adamo. (*Id.*). He was the safety engineer and project manager on the demolition project. (*Id.*). He had the capacity to direct Miller. (*Id.*). Among named Defendants, Brehse is the lone Ohio resident. (*See id.* at ¶¶19-26).

Miller alleges that Brehse and the Adamo employee Defendants took steps to deliberately destabilize the boiler room. (*Id.* at ¶56). Miller states the Adamo employee Defendants, including Brehse, removed steel beams and columns from the upper levels of the boiler room and left the very heavy boiler on top of the roof. (*Id.* at ¶55). They sent Miller to work in the building without the benefit of a structural engineer's assessment. (*Id.* at ¶¶71, 74). Miller claims they did all this as a short-cut. (*Id.* at ¶73). Adamo had fallen behind on its plans to effectuate the demolition by implosion, according to Miller, and could save costs by facilitating a collapse through other measures—namely, by removing structural supports. (*Id.* at ¶¶73-74).

---

[1] Although it seems that Miller was a member of the local union and was hired for the project specifically. (Doc. 4 at ¶50). Miller does not appear to be a long-term employee of Adamo.

2

Within 30 days of the filing of the complaint, on January 8, 2022, Defendants filed a notice of removal. (Doc. 1). In that notice of removal, Defendants assert "[t]here is complete diversity of citizenship between the parties." (*Id.* at ¶4). About Brehse in particular, the notice of removal says no more than "Defendant, Michael F. Brehse, is an Ohio resident." (*Id.* at ¶4(d)). On the same day, the Adamo employee Defendants, including Brehse, filed a motion to dismiss. (Doc. 3). They argue there they are immune from suit, as a matter of Ohio law, in their capacities as co-employees of Miller. (*Id.*). They also argue Miller's complaint fails to plead facts giving rise to a cause of action against them. (*Id.*).

Two days after Defendants filed a motion to dismiss, Miller filed a motion to remand. (Doc. 5). He did so on the basis that Brehse is a "forum defendant" and thus destroys diversity. (*Id.* at 3 (citing 8 U.S.C. §1441(b)(2)). Defendants do not dispute that Brehse lives in Ohio. Instead, in opposition to the motion for remand, and for the first time, Defendants argue Miller "fraudulently joined" Brehse. (Doc. 9).

The Court has stayed briefing on Defendant's motion to dismiss to allow the Court to first consider the jurisdictional questions arising in the motion to remand. (*See* Notation Order of 01/19/22).

## II. STANDARD OF REVIEW

A party can remove an action from state court if the federal court to which the action is removed would otherwise have had original jurisdiction. 28 U.S.C. § 1441(a). Generally, where the citizenship of the parties is diverse and the amount in controversy exceeds $75,000, a federal court has jurisdiction to hear the case. 28 U.S.C. § 1332(a).

3

The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal. *Harper v. AutoAlliance Int'l., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements and must do so by a preponderance of the evidence. *Rotschi v. State Farm Mut. Auto. Ins. Co.*, Case No. 96-5494, 114 F.3d 1188, 1997 WL 259352, at *2–3 (6th Cir. May 15, 1997).

When a defendant does not satisfy its burden of demonstrating that removal was proper, the district court shall remand the case back to the state court from which it was removed. 28 U.S.C. § 1447(c). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, <u>the removal statute should be strictly construed and all doubts resolved in favor of remand</u>." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006) (citation omitted) (emphasis added).

### III. ANALYSIS

**A. Remand**

The parties agree Brehse is an Ohio resident. Thus, if he is a proper party, the case was improperly removed. *See* 28 U.S.C. § 1441(b)(2). But Defendants argue Brehse is not a proper party—instead, they claim he was fraudulently joined by Miller to destroy diversity. (*See* Doc. 9).

Defendants' arguments against remand are mostly a gloss on their motion to dismiss. (*See* Docs. 3, 9). However, different standards apply. Defendants' 12(b)(6) motion must demonstrate Miller has not pleaded "enough facts to state a claim to relief

4

that is plausible on its face." (Doc. 30 at 6 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Here, to show joinder was fraudulent, Defendants must disprove that Miller's claims are "colorable." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). The "colorable" standard is "similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Cassias*, 695 F.3d at 433. Under the "colorable" standard, "[t]he removing party has the burden of demonstrating that there can be no recovery under the law of the state on the cause alleged or on the facts." *Id.* at 432.

For reasons articulated below, the Court finds Defendants have not carried their substantial burdens to show removal was proper or that joinder of Brehse was fraudulent. As an initial matter, the Court finds Defendants have waived their fraudulent joinder argument. But Defendants' fraudulent joinder argument would fail even if they had not waived it. This is because an intentional tort claim against Brehse is at least colorable under Ohio law. And Miller's complaint adequately pleads that claim. The Court looks at these points in turn.

### 1. Waiver

Miller contends Defendants waived their fraudulent joinder argument because they did not mention it in their notice of removal. (Doc. 11 at PageID# 193). Unquestionably, Defendants first raised "fraudulent joinder" in their opposition to Miller's motion to remand. (Doc. 9). Having first raised the issue in opposition, Defendants are also without a response to Miller's "waiver" counter-argument —first raised, by necessity, on reply. (Doc. 11). The Court acknowledges Defendants have not had a chance to respond.

5

Nonetheless, it is clear that Defendants have waived the fraudulent joinder argument under the circumstances.

Several courts have held that a party "waived its fraudulent joinder argument because it failed to raise the issue in the notice of removal or within thirty days of service of process." *Snell v. State Auto Prop. & Cas. Ins. Comapny*, No. 6:21-CV-22-REW, 2021 WL 1292509, at *1 (E.D. Ky. Apr. 7, 2021).[2] *See also Warner v. Midnight Recovery, Inc.*, No. 3:19-CV-00453-RGJ, 2020 WL 1105111, at *4 (W.D. Ky. Mar. 6, 2020); *Uppal v. Elec. Data Sys.*, 316 F. Supp. 2d 531, 533 (E.D. Mich. 2004). In a footnote, another District Court has stated: "The notice of removal may be amended freely before the initial 30–day removal period expires, but after the period ends, the notice may be amended only to set out more specifically the grounds for removal that already have been stated in the original notice." *Hahn v. Rauch*, 602 F. Supp. 2d 895, 909 n.6 (N.D. Ohio 2008). Applying these cases, the Court must conclude that Defendants have waived fraudulent joinder as a basis for removal as well.

Defendants could potentially argue, although they have not waived, and that a removal based on diversity coupled with its motion to dismiss constitutes fair notice of an implied fraudulent joinder argument. Alas, courts are clear that fraudulent joinder is a "substantive ground for removal" and must be stated on the notice of removal. *See*

---

[2] The caption in the reported decision reflects the spelling "*Comapny,*"in Defendant's name, as it appears above.

*Warner*, No. 3:19-CV-00453-RGJ, 2020 WL 1105111, at *4 (W.D. Ky. Mar. 6, 2020).[3] This also seems to be the rule within federal courts generally. *See* § 3733 Procedure for Removal—Content and Amendment of the Notice of Removal, 14C *Fed. Prac. & Proc. Juris.* § 3733 (Rev. 4th ed.) ("In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proferred basis of removal, and the court will not, on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied upon.") (emphasis added). While this may seem harsh, it is indeed consistent with the notion that doubts should be resolved in favor of remand. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

In this case, to be clear, Defendants have neither amended their notice of removal within 30 days nor moved for leave to amend it. The one and only notice of removal still maintains that Defendant Michael Brehse is a resident of Ohio and that "complete diversity" exists. (Doc. 1). It says nothing of fraudulent joinder. (*Id.*).

Defendants have waived their right to argue fraudulent joinder. However, even if they had not, the argument would still not be persuasive. This is because Miller's intentional tort claims against Brehse have a basis in Ohio law.

---

[3] In general, the notices of removal are taken at face value and construed strictly. *See e.g*, *Bullock v. Almon*, No. 4:21-CV-57-JHM, 2021 WL 3475573, at *6 (W.D. Ky. Aug. 6, 2021) ("Shelter did not argue fraudulent misjoinder in its notice of removal, so the Court will only focus on its fraudulent joinder argument because Shelter has waived fraudulent misjoinder as a basis for removal.") (emphasis added).

### *2. Miller's Tort Claim and "Unsettled" State Law*

In attempting to disprove that Miller has a colorable claim in tort against Brehse, Defendants provide a lengthy discourse on the Ohio development of intentional workplace torts against co-employees. (Doc. 9 at PageID#165-169). And yet, the first sentence of Defendants' argument that Brehse is immune from a tort filed by his co-employee Miller reads: "First, Ohio law is <u>unsettled</u> as to whether a plaintiff-employee can pursue general workplace intentional tort claims against a co-employee." (Doc. 9 at PageID# 165) (emphasis added). It is unsettled, Defendants make clear, because some Ohio courts recognize an intentional tort against a co-employee and others do not. (*Id.* at PageID# 166). This is a consequential admission. Defendants must here show Miller's claims do not meet the lenient standard of "colorable." *Casias*, 695 F.3d 4 at 433. Some Ohio appeals courts recognize Miller's theory. (Doc. 9 at PageID# 169). The Supreme Court of Ohio has "not recognized" the tort but it also has not rejected it. (*Id.*). These facts would seem to establish "colorable" on their own.

Defendants' argument is even more perplexing when considering the positioning of this Court relative to Ohio law. To find for Defendants here, this Court would have to settle a "highly debated" matter of Ohio law simply to substantiate its own jurisdiction to *hear Ohio-based claims*. (Doc. 9 at PageID# 166). This notion of jurisdiction—conditional on resolving disputed matters of state law—is simply at odds with the principle of strictly construing the removal statute. As another court has put it, "[i]t is not sufficient that federal jurisdiction may potentially exist; the party invoking federal jurisdiction must affirmatively establish it." *Keller v. Honeywell Protective Servs.,* 742 F.

Supp. 425, 426 (N.D. Ohio 1990). Defendants have failed to establish a basis for jurisdiction.

The Court finds no need to engage at greater length on the substantive questions of whether Ohio law provides immunity to a co-employer's intentional tort; whether an Ohio code provision superseded the Ohio common-law tort regime; and related questions raised by Defendants. (*See* Doc. 9). The Court has determined that Miller's claim against Brehse, if properly pleaded, is colorable, making it unnecessary and unwise to wade deeper into "highly debated" state-law matters.

### *3. Alleged Pleading Deficiencies*

Defendants variously argue that Miller has not pleaded sufficient factual material to state claims against Brehse. (Doc. 9). Defendants tee-up this argument by stating that Ohio has a heightened pleading standard for intentional workplace torts, if such torts exist at all. (Doc. 9 at PageID# 168 (citing, among other cases, *O'Connor v. Nationwide Children's Hosp.*, 219 F. Supp. 3d 673, 680 (S.D. Ohio 2016)). To the extent co-employee intentional torts exist at all, Defendants submit they are governed by Ohio R.C. §2745.01. That code provision reads:

> (A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.
>
> (B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.

9

> (C) Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure another if an injury or an occupational disease or condition occurs as a direct result.

While is far from established as a matter of the proofs, Miller's well-pleaded facts make it at least plausible that the Adamo employee Defendants, including Brehse, committed a tortious act with the intent to injure Miller. *Id.* It is, after all, Miller's claims that the spontaneous-seeming collapse of the building was, in a manner of speaking, planned. And Brehse, per the relevant allegations, was a project manager, safety engineer, and had the power to direct Miller. For these reasons, the Court finds that Miller has a colorable claim against Brehse for an intentional workplace tort under Ohio law.

For what it is worth, Miller has also pleaded that "Defendants Adamo, deliberately removed equipment safety guards from the structure that include, but are not limited to, bracing and stabilizing equipment." (Doc. 4 at ¶95). Thus, accepting those allegations as true, Miller may seek the benefit of the presumption of "intent to injure" established by Ohio R.C. § 2745.01(C). It is a fair inference that that presumption would apply to Brehse, the safety manager on the project, as well. *See Cantu v. Irondale Indus. Contr., Inc.*, 2012-Ohio-6057, ¶ 29. The Court does not need to decide whether Miller absolutely has pleaded the factual predicates giving rise to the presumption of an intent to injure. But the operation of that presumption is at least plausible, bolstering the notion that Miller's claim is "colorable" under state law.

Defendants next contend that Miller improperly pleads allegations against a <u>group</u> of Adamo employees that merely includes Brehse. (Doc. 9 at PageID# 175). Defendants argue Miller must particularize facts to Brehse rather than to allege them against the group. (*Id.*).

The Court discerns no basis for the implied proposition that a plaintiff cannot plead a tort with particularity if he attributes specific conduct (*i.e.*, removing structural supports) to a group of people. Ohio expressly recognizes the idea of joint and several liability for joint, intentional tortfeasors. *See* R.C. §2307.22(A)(3); *Gurry v. C.P.*, 2012-Ohio-2640, ¶ 9, 972 N.E.2d 154, 156. Ohio also remains a notice-pleading state. *Harper v. Weltman, Weinberg & Reis Co.*, L.P.A., 2019-Ohio-3093, ¶ 29. Given these truths, the Court will not implicitly adopt a rule stating that a "particularity" requirement bars a plaintiff from pleading allegations against a small group—especially where the Plaintiff, as here, has identified everyone within that group by name.

Defendants rely on cases that have little persuasive power in this case. For example, Defendants argue *Bojicic v. Dewine* supports the idea that it is improper to "group defendants together" and "collectively refer to 'Defendants' in almost every allegation." (*Id.* citing *Bojicic v. DeWine*, No. 3:21-CV-00630-JGC, 2021 WL 4977018, at *3 (N.D. Ohio Oct. 27, 2021)). But that case involves a §1983 claim against government officials. *See Bojicic*, 2021 WL 4977018, at *1 (N.D. Ohio Oct. 27, 2021)). It is indeed the law that §1983 cases must be pleaded with specificity as to each Defendant. *See Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("This Court has consistently held that damage claims against government officials arising from alleged

11

violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."). Defendants do not even venture an argument that the §1983-specific language from *Bojicic* applies to the intentional torts asserted by Miller. Thus, *Bojicic* has little import here.

*Grubs v. Emery*, another case relied upon by Defendants, mostly serves to underline the idea that intentional torts require particularized pleading under Ohio law. (*See* Doc. 9 at PageID# 175 (citing *Grubbs v. Emery Air Freight Corp.*, No. 17848, 1999 WL 1206680, at *2 (Ohio Ct. App. Dec. 17, 1999)). Plaintiff here, though, has pleaded with much more particularity than the plaintiff in *Grubbs. See Grubbs,* at *2 ("The complaint fails to state the factual basis for the assertion that injury was substantially certain to occur. Likewise, there is no factual allegation in regard to the claim that Emery required Grubbs to work under unsafe conditions."). Thus, *Grubbs* is an unpersuasive precedent.

Again, Miller only needs to reach the bar of "colorable," and it is Defendants' burden to prove he has not. Defendants' cited authority and general arguments are simply do not meet their burden.

Having found that Miller has a colorable claim against Brehse sounding in intentional tort, the Court sees no reason to analyze the merits of Miller's claims for intentional infliction of emotional distress and/or spoliation of evidence. Since Miller has a colorable claim against the forum Defendant Brehse, the case belongs in state court. It is for the state court, in turn, to analyze the full merits of Miller's claims. Thus, the Court will grant Miller's motion and remand the case.

**B. Attorneys Fees**

Plaintiff seeks attorneys fees under 28. U.S.C. §1447(c). (Doc. 13 at 9). Under its discretion, the Court will not award attorneys fees.

The standard for attorneys fees pursuant to a remand centers on whether there was an "objectively reasonable basis" for the removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 132 (2005). In applying this standard, the Court is to keep in mind the "large objectives" of the relevant Act." *Id*. This means the Court ought to "recognize Congress' desire to deter removals intended to prolong litigation and impose costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id*. at 133.

The fact that there are several defendants, only one of whom resides in Ohio, counsels against awarding attorneys fees. Having reviewed the record before it, the Court finds it plausible that Defendants really believed "complete diversity existed" at the time of removal and simply overlooked the fact that Brehse was a forum defendant. Additionally, the fraudulent joinder argument, while untimely and unsuccessful, is not unreasonable. Ohio lawmakers have seemingly taken many steps to curtail torts stemming from workplace accidents. *Houdek v. ThyssenKrupp Materials N.A., Inc.*, 2012-Ohio-5685, ¶ 11, 134 Ohio St. 3d 491, 493, 983 N.E.2d 1253, 1255. Given this backdrop, the fact that Defendants could not persuade this Court that Miller's claim against Brehse was worse than "colorable" does not mean their efforts to do so lacked a reasonable basis.

13

Finally, there is practically no evidence that Defendants removed this case to prolong litigation or impose costs. The Adamo employee Defendants have filed a motion to dismiss in this Court, suggesting they favor a quick disposition of a large portion of the dispute. Moreover, Defendants did not seek to revise their notice to remove, a request that would have delayed remand. Miller, for his part, does not even assert that Defendants removed for the purpose of delay.

For the above reasons, the Court denies Miller's motion insofar as it seeks attorneys fees. (Doc. 5).

## IV. CONCLUSION

Based on the foregoing:

1. Plaintiff's motion to remand (Doc. 5) is **GRANTED**. This case is **REMANDED** to the Adams County, Ohio Court of Common Pleas from which it was removed. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** on the docket of this Court.

2. Plaintiff's motion for attorneys fees (Doc. 5) is **DENIED**.

**IT IS SO ORDERED.**

Date: 4/5/2022

*s/Timothy S. Black*
Timothy S. Black
United States District Judge